UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE


QUINCY A. GOINS                           )
                                          )
              Petitioner,                 )
                                          )
v.                                        )        3:04-cv-155
                                          )        3:00-cr-123
                                          )        *Jordan*
                                          )
UNITED STATES OF AMERICA                  )
                                          )
              Respondent.                 )


**<u>MEMORANDUM</u>**


       This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

filed by petitioner Quincy A. Goins ("Goins").  For the following reasons, the § 2255 motion

will be **DENIED** and this action will be **DISMISSED**.



I.  <u>Standard of Review</u>


       This court must vacate and set aside Goins' conviction upon a finding that "there has

been such a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  To prevail under § 2255, Goins

"must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Goins is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.      Factual Background

Goins was convicted by a jury of possession with intent to distribute in excess of 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).[1]  Based upon his two prior felony drug convictions, Goins was sentenced to a mandatory term of life imprisonment. *Id*. § 841(b)(1)(A).  The conviction and sentence were affirmed on direct appeal. *United States v. Goins*, 53 Fed.Appx. 724 (6th Cir. 2002), *cert. denied*, 538 U.S. 971 (2003).

---

[1]Goins' first trial ended with a hung jury and the court declared a mistrial. [Criminal Action No. 3:00-cr-123, Court File No. 30, Criminal Minutes].

The Sixth Circuit summarized the evidence against Goins as follows:

In July of 2000, the Harriman Police Department (HPD) conducted a two-week investigation into suspected drug-related activity at Goins's residence in Harriman, Tennessee. The investigation culminated with the purchase of crack cocaine at that location by a confidential informant. In order to obtain a warrant to search the residence, the HPD presented an affidavit describing the investigation to a state trial judge. Based upon the affidavit, a warrant was issued on July 18, 2000, less than 72 hours after the crack cocaine was purchased.

The warrant required that the search of Goins's residence occur within five days of its issuance. Due to a lack of resources and a concern for protecting the identity of the confidential informant who had made the controlled drug purchase, the HPD waited until the third day, July 21, 2000, to execute the warrant. On that date, the HPD initiated the search in a manner designed to reduce the likelihood that Goins would destroy any contraband upon seeing the arrival of police officers. This was accomplished by a detective with the HPD making a false report of a music disturbance at Goins's residence, a report that the HPD dispatcher then broadcast over the police radio. The HPD anticipated that Goins would hear the broadcast over the police scanner that he kept on the premises, and that he would therefore not suspect that the officers who arrived shortly thereafter were coming to conduct a search.

When two officers knocked on the front door of Goins's residence, Goins answered and began discussing the reported music disturbance with them. Several additional officers then arrived on the scene, at which time Goins was informed of the warrant and told to get on the ground. Rather than comply with this command, Goins attempted to retreat toward a bathroom near the rear of his residence. Two of the officers grabbed Goins, and a struggle ensued.

During the struggle, Goins punched one of the officers in the face and twice threw the other officer into a wall. Goins was finally subdued at the end of a narrow hallway leading from the front door to the bathroom. He was removed from the bathroom doorway and taken outside. Two other individuals who had remained in the living room during the struggle were also escorted from the premises. Another person who had fled the residence through the kitchen window was apprehended a short time later.

An officer videotaped the interior before the search began. The tape shows what appears to be a bag of crack cocaine near the toilet in the bathroom where Goins had been subdued. During the subsequent search, the HPD recovered the bag, a police scanner, a small fire safe containing $21, and baking soda (a substance often used in the production of crack cocaine). Analysis later showed that the bag contained 105.5 grams of crack cocaine, an amount with a street value of between $50,000 and $60,000.

*Id*. at 725-26.

On direct appeal, Goins claimed, *inter alia*, that the district court erred in denying the motion to suppress the evidence removed from his residence. The basis of the claim was that the probable cause that justified the issuance of the search warrant no longer existed when the warrant was executed three days later. The Sixth Circuit disagreed:

[T]he reason that the HPD waited three days before executing the warrant was due to a lack of resources and a concern for indirectly disclosing the identity of the confidential informant who had purchased crack cocaine at Goins's residence. This court has specifically recognized that delaying the execution of a warrant to protect the identity of a confidential informant is reasonable. We therefore conclude that the district court properly denied Goins's motion to suppress the evidence recovered from his residence.

*Id*. at 728.

In support of his § 2255 motion to vacate sentence, Goins alleges that he received ineffective assistance of counsel before and during trial and on appeal. He also alleges prosecutorial misconduct that deprived him of his right to due process. In a supplement to his § 2255 motion, Goins also notifies the court of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which he claims applies in his case.

III.    Discussion


*A.  Ineffective Assistance of Counsel*


In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court

established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence

demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

Goins must demonstrate that the attorney's representation "fell below an objective standard

of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's

conduct, a court should consider all the circumstances and facts of the particular case. *Id*.

at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101

(1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Goins bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). As noted, Goins alleges several instances of ineffective assistance of counsel, each of which the court will consider in turn.

**1. Investigation of search warrant affidavit.**

Goins alleges that his attorney failed to investigate the basis for the search warrant affidavit. The Sixth Circuit summarized the affidavit, in considering the suppression issue.

> In the present case, the HPD offered the affidavit of Detective Kristopher Mynatt in support of its request for a warrant to search Goins's residence. Mynatt's affidavit set forth that (1) a citizen had complained that individuals were frequently visiting Goins's residence at irregular hours and for short periods of time, (2) Goins had been convicted of drug distribution on two prior occasions, (3) four rock-like substances that appeared to be crack cocaine were recovered from a vehicle exiting Goins's residence on July 15, 2000, and (4) a confidential informant had purchased crack cocaine from an unidentified individual at Goins's residence within 72 hours prior to the execution of the affidavit. The state trial judge to whom the affidavit was presented determined that these facts, when considered in their totality, created a "fair probability" that illegal drugs and other drug-related paraphernalia would be found in Goins's residence.

53 Fed.Appx. at 727.

According to Goins, the affidavit relied on grounds which were apparently false. He specifically refers to the recovery of crack cocaine from a vehicle leaving Goins' residence on July 15, 2000, the third factor in the Sixth Circuit's summary of the affidavit. The

recovery resulted from a traffic stop and search of a vehicle driven by Otis Hall on that date.

[Court File No. 1, Motion to Vacate Sentence, Exhibit B, Search Warrant and Supporting

Affidavit, pp. 4-5 of Affidavit, § 5].

> Goins has submitted his affidavit in which he testifies, in pertinent part, as follows:

> That after my initial proceedings, I had the opportunity to talk to Otis Hall. He informed me that the officers did not even ask about me during their questioning of him after his arrest, but were focusing on an individual named Nicky Eskridge. Hall informed me that he admitted to ownership of the drugs, and told officers that he had stopped at my house to drop off two individuals at the apartment below my house.

[*Id*., Exhibit A, Affidavit of Quincy A. Goins, ¶ 3]. Goins argues that his attorney was

ineffective for failing to investigate and present this evidence at the suppression hearing.

Apparently, Goins is claiming that his attorney should have pursued a hearing under *Franks*

*v. Delaware*, 438 U.S. 154 (1978).

> *Franks* concerned the validity of a search warrant and the veracity of an affidavit

supporting the warrant. The Supreme Court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id*. at 155-56. The Court further held that, if at the hearing the defendant establishes by a

preponderance of the evidence that the affidavit contained a false statement that was

necessary to a finding of probable cause, "the search warrant must be voided and the fruits

of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156.

The court first notes that there is nothing to support Goins' claim other than his self-serving affidavit. In addition, while the affidavit in this case suggests that Mr. Hall had obtained the crack cocaine from Goins at his residence, it does not explicitly state that he did so. The affidavit simply states that Mr. Hall was observed leaving Goins' residence and that crack cocaine was found in the vehicle following a stop for a traffic violation. Accordingly, the affidavit did not contain a false statement.

In any event, the affidavit also contained the following testimony:

> Within the past 72 hours of July 18, 2000 the affiant met with [confidential source] CS-1 at a secure location in the city of Harriman, Tennessee. The affiant checked the person and vehicle of CS-1 for any contraband and none was found. CS-1 was provided with official funds by the affiant. Affiant followed CS-1 to 917 Unaka Street, Harriman, Roane County, Tennessee and observed CS-1 enter said residence via the front door. After a short time CS-1 was seen exiting the same front door used to enter said residence. CS-1 was followed, by the affiant, back to the original meeting place. Affiant did recover a quantity of, what appeared to be crack cocaine, from CS-1. The vehicle and person of CS-1 were again checked for any contraband and/or money provided by the affiant. None was found. A field test was conducted on the substance recovered from CS-1 and said test did show positive for the presence of cocaine.

[Court File No. 1, Motion to Vacate Sentence, Exhibit B, Search Warrant and Supporting Affidavit, pp. 5-6 of Affidavit, § 7]. The affidavit also attested to the reliability and credibility of the confidential informant. [*Id.* at 5, § 6]. The controlled purchase of crack cocaine by the confidential informant was sufficient to establish probable cause for the search warrant. *See, e.g., United States v. Keszthelyi*, 308 F.3d 557, 567 (6th Cir. 2002); *United*

*States v. Harris*, 255 F.3d 288, 293 (6th Cir. 2001); *United States v. Murphy*, 241 F.3d 447, 458 (6th Cir. 2001).

## 2. Composition of jury and jury venire.

Goins alleges that his attorney failed to challenge the exclusion of the one black juror from the venire, as well as the composition of the venire itself. According to Goins, out of 71 jurors empaneled as part of the jury venire, there was only one African-American, who was excluded by the prosecution with no objection by defense counsel.

The Equal Protection Clause of the Fourteenth Amendment prohibits a prosecutor from challenging potential jurors solely on account of race. *Batson v. Kentucky*, 476 U.S. 79 (1986). There are three steps in analyzing a *Batson* claim.

> First, the defendant must make a *prima facie* showing that the prosecutor removed a potential juror for a discriminatory reason. If the defendants [sic] make this showing, the second step requires the prosecutor to articulate a nondiscriminatory reason for the removal. Assuming that the prosecutor does so, the third step requires the trial court to determine whether the opponent of the peremptory strike has proven purposeful discrimination.

*United States v. Lucas* 357 F.3d 599, 609 (6th Cir. 2004).

Goins argues that, had his attorney properly objected to the prosecutor's exclusion, the government would have been forced to present a neutral basis for the exclusion. Goins is correct, but only if his attorney had made a *prima facie* showing of a discriminatory reason on the part of the government.

> Under *Batson*, the opponent of a peremptory strike makes out a prima facie case of purposeful discrimination by proving (1) that he or she is a

member of a cognizable racial group, (2) that the proponent of the strike has used peremptory challenges to remove from the venire members of the strike opponent's race, and (3) that the relevant circumstances raise an inference that the proponent of the strike excluded prospective jurors from the petit jury because of their race.

*United States v. Watford*, 468 F.3d 891, 911 -12 (6th Cir. 2006).

The fact that the government excluded the sole black member of the jury venire, without more, does not make out a prima facie case. *See United States v. Esparsen*, 930 F.2d 1461, 1467 (10th. Cir. 1991) ("Although *Batson* prohibits striking even one juror based on racial grounds, it does not suggest that the exclusion of jurors of a cognizable race automatically creates a prima facie case of discrimination."). Goins does not refer to any other relevant circumstances which would raise an inference that the government used race to exclude the potential juror, such as "(1) the fact that peremptory challenges permit a prosecutor predisposed to discriminate to do so; (2) any other pattern of discriminatory conduct; and (3) any prosecutorial statements." *United States v. Clemons*, 843 F.2d 741, 745 (3rd Cir. 1988). In addition, Goins does not allow for the possibility that counsel's failure to object to the exclusion of the potential juror was trial strategy.

> Counsel is also accorded particular deference when conducting *voir dire*. An attorney's actions during *voir dire* are considered to be matters of trial strategy. A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.

*Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001) (internal citations). Goins' allegation of ineffective assistance of counsel in this regard lacks merit.

Goins also alleges that his attorney should have objected to the composition of the jury venire itself. Pursuant to the Sixth Amendment, a criminal defendant is entitled to a jury venire, from which the petit jury is drawn, that represents a fair cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522 (1975). However, there is no requirement that the jury panel must accurately reflect the proportionate strength of every identifiable group:

> It should also be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.

*Id*. at 538.

The Supreme Court has held that, in order to establish a Sixth Amendment violation, a defendant must establish the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). Each of these three elements "must be established before the government is required to justify an infringing selection procedure." *United States v. Allen*, 160 F.3d 1096, 1103 (6th Cir. 1998).

African-Americans have been recognized as a distinctive group, *see, e.g., Lockhart v. McCree*, 476 U.S. 162, 175 (1986), and thus Goins could establish the first requirement. He has failed to put forth any facts, however, which would establish that the jury venire, from which his petit jury was chosen, did not represent a fair cross section of the community nor has he shown that the jury selection procedure excluded distinctive groups or was not racially neutral.

The Jury Plan for the Eastern District of Tennessee, which was in place at the time the venire was selected for petitioner's trial, prohibited discrimination in the jury selection process and established race-neutral procedures for the selection of jurors. A similar challenge to this district's jury selection process was recently considered and rejected by the Sixth Circuit. *See United States v. Clark*, 112 Fed.Appx. 481, 486 (6th Cir. October 13, 2004), *vacated and remanded on other grounds*, 545 U.S. 1101 (2005). Accordingly, there was no basis upon which Goins' attorney could have objected to the composition of the jury panel and his failure to do so did not constitute ineffective assistance of counsel.

### 3. Challenge to drug type.

Goins alleges his attorney should have challenged his enhanced sentence as it was based upon possession with intent to distribute more than 50 grams of crack cocaine. According to Goins, there is a distinction between cocaine base and crack cocaine for sentencing purposes. Goins argues there is no evidence in the record that the government

would have met its burden of proving crack cocaine, and therefore his attorney should have raised the issue at sentencing.

Goins' defense strategy was that the drugs found at his residence were not his, but rather belonged to others at the residence. Consistent with that defense, he stipulated that the controlled was crack cocaine. [Criminal Action No. 3:00-cr-123, Court File No. 49, Transcript of Proceeding, pp. 100-01]. The jury returned a verdict of guilty for possession with intent to distribute in excess of fifty grams of cocaine base, as alleged in the indictment. [*Id.*, Court File No. 36, Verdict Form]. The stipulation and jury finding were sufficient for the court to sentence Goins based upon possession of intent to distribute crack cocaine, and no further proof was necessary. *See United States v. Jones*, 159 F.3d 969, 982 (6th Cir. 1998) (government must prove the cocaine base was crack "by a preponderance of the evidence"). Accordingly, any objection by counsel as to the determination that the drugs were crack cocaine would have been frivolous. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

**4. Instruction on lesser included offense**.

Goins alleges his attorney should have requested a jury instruction on the lesser included offense of simple possession. He contends that the amount of cocaine found in Goins' residence was not overwhelming, especially since there were three other persons in

the house at the time of the search warrant.  Goins also argues there was no evidence of wealth in the home, which would indicated distribution for profit.

Goins' argument overlooks the fact that the defense strategy was the crack cocaine did not belong to Goins, but instead belonged to one of the other persons in the house.  A jury instruction on simple possession would not have been consistent with that defense.  *See Gaines v. United States*, 105 Fed.Appx. 682, 700 (6th Cir. 2004), *vacated and remanded on other grounds*, 543 U.S. 1114 (2005) (remand on *Booker* grounds).

In any event, an instruction on simple possession was not warranted.  Goins argues that 105.5 grams of crack divided between four people would indicate personal use.  Detective Kristopher Mynatt testified, however, that crack is usually sold in rock form, as one-tenth of a gram per rock, for $50 per rock.  [Criminal Action No. 3:00-cr-123, Court File No. 49, Transcript of Proceeding, p. 87].  Under the circumstances, Goins' attorney did not render ineffective assistance of counsel by failing to request a jury instruction on the lesser included offense of simple possession.


**5.  Objection on appeal to notice of enhancement.**

Goins claims his attorney should have argued on appeal the errors in the Notice of Enhancement filed by the government pursuant to 21 U.S.C. § 851.  Section 851 provides, in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States

attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relief upon.... Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

*Id*. § 851(a)(1).

The Notice of Enhancement filed by the government in this case stated as follows:

The United States advises the defendant of its intent to seek enhanced punishment based upon the defendant's prior convictions for the felony drug convictions as set forth below:

December 13, 1996 - Case Number 11,655-A, Criminal/Circuit Court of Roane County, Tennessee, Sale of Over Five Grams of Cocaine, sentenced January 12, 1998.

October 28, 1996 - Case Number 11,655-A, Criminal/Circuit Court of Roane County, Tennessee, Sale of Over Five Grams of Cocaine, sentenced January 12, 1998.

[Criminal Action No. 3:00-cr-123, Court File 22, Notice of Enhancement].

At sentencing, Goins' attorney objected to the mandatory life sentence under § 841(b)(1)(A). Counsel argued that the two Roane County convictions should be combined to count as one conviction because the drug sales were to the same government informant, there was no intervening arrest, the two cases were different counts of the same indictment, and thus were part of the same criminal episode. [*Id*., Court File No. 50, Transcript of Proceedings, pp. 2-5]. Counsel also moved to dismiss the notice of enhancement based upon the errors it contained: Goins purportedly sold over five grams of cocaine in each case, when in fact he was convicted of selling 0.6 grams in one case and 1.1 grams in the other. [*Id*. at 3].

In response to the objection to the notice of enhancement, counsel for the government moved to amend the notice based upon a clerical mistake, stating that the convictions should have been for selling over 0.5 grams of cocaine and that he erred in omitting the point before the numeral five. [*Id*. at 5]. The court granted the motion to amend, finding that "the defense has stipulated that one involved point six grams and the other involved 1.1 gram [sic]." [*Id*.]. The court also overruled defense counsel's objection to the mandatory life sentence. [*Id*. at 8-9].

On direct appeal, Goins' attorney reiterated his argument that the two drug sales were part of the same criminal episode and should have been combined for sentencing purposes. The Sixth Circuit considered and rejected the argument. *United States v. Goins*, 53 Fed.Appx. at 730 ("we find no error in the district court's decision to sentence Goins to life in prison"). Goins' attorney did not pursue, on direct appeal, his objection to the notice of enhancement and Goins now claims that failure to do so constituted ineffective assistance of counsel. According to Goins, the notice did not adequately notify him of the prior offenses nor did it allow him time to investigate the offenses in order to make a proper challenge.

Goins claims that, had counsel raised this issue on direct appeal, it would have resulted in a reversal of the sentence. The court disagrees. The notice of enhancement referred to the correct dates of the prior offenses and Goins was clearly aware of his prior convictions; only the amount of cocaine was erroneously stated. As § 851(a)(1) itself

provides, "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

In addition, appellate counsel's decision as to what issues should be raised on appeal cannot generally constitute ineffective assistance of counsel. *See, e.g. McMeans v. Brigano*, 228 F.3d 674, 682 (2000) ("Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation."); *Wright v. United States*, 182 F.3d 458, 466 (1999) ("Appellate counsel is not ineffective simply because he or she decides not to raise every possible argument on appeal."); *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.").

This court cannot say that appellate counsel erred in his decision to not pursue his objection to the notice of enhancement. "A brief that raises every colorable issue runs the risk of burying good arguments." *Jones v. Barnes*, 463 U.S. at 753. Accordingly, Goins has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard in this regard.

### 6. Challenge on appeal to search warrant affidavit.

Goins alleges his attorney was ineffective for failing to challenge on appeal the affidavit in support of the search warrant, as it related to the status of the confidential informant. According to Goins, the affidavit was a "bare bones" affidavit which was

conclusory in nature and did not provide particular specific facts upon which probable cause could lie. Goins contends that, had counsel raised this issue on direct appeal, it would have resulted in a reversal of the suppression issue.

In *United States v. Helton*, 314 F.3d 812 (6th Cir. 2003), the Sixth Circuit noted that "where an affidavit is the basis for a probable cause determination, that affidavit 'must provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Id*. at 819 (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983). The *Helton* court also observed that "[i]n evaluating whether probable cause exists for issuing a search warrant, a judicial officer may rely on hearsay evidence." *Id*. (citations omitted). The Sixth Circuit then noted that

> When confronted with hearsay information from a confidential informant or an anonymous tipster, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information:
>
>> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying the hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id*. (quoting *Illinois v. Gates*, 462 U.S. at 238).

In this case, the affidavit specifically stated, with respect to the confidential informant, as follows:

> On July 15, 2000 your affiant met with a confidential source hereinafter referred to as CS-1, whose life would be endangered if the identity of CS-1 were revealed. Affiant believes CS-1 to be a credible and reliable individual

based upon information provided by CS-1, which has led to several felony arrests and the recovery of quantities of illegal narcotics in past investigations. Furthermore, none of the information provided by CS-1 has proven to be unreliable or inaccurate. CS-1 has advised the affiant that CS-1 has been an acquaintance of Quincy Allen Goins for over one year and has had conversations relative to the distribution of crack cocaine in the Harriman, Tennessee area with Quincy Allen Goins. CS-1 further advised that some of these conversations have occurred at the residence located at 917 Unaka Street, Harriman, Tennessee. CS-1 is familiar with crack cocaine and its characteristics due to previous crack cocaine purchases, as well as controlled purchases made under the direction of the affiant. CS-1 has exhibited intimate knowledge relative to the trafficking and distribution of crack cocaine and is knowledgeable with the terms, jargon and schemes commonly employed by illicit narcotics distributors and their customers. CS-1 is familiar with the current prices, as well as the manner of packaging of crack cocaine in the Harriman, Tennessee area. In light of the aforementioned, affiant believe the information provided by CS-1, which is contained in this affidavit, to be true and reliable.

[Court File No. 1, Motion to Vacate Sentence, Exhibit B, Search Warrant and Supporting Affidavit, p. 5 of Affidavit, § 6].

Goins bases his argument upon the fact that the affidavit did not state the number of times the confidential informant had been used in the past or the numbers of arrests and/or seizures had been obtained as a result of the use of the confidential informant. This argument lacks merit. *See, e.g., United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001) ("Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable.") (citations omitted).

Goins' attorney did not render ineffective assistance of counsel in failing to raise this issue on appeal. Based upon the foregoing, Goins has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

### B. Prosecutorial Misconduct

Goins alleges that the government introduced evidence that may have been tampered with. During Goins' second trial, defense witness Jackie Hardie was cross-examined by use of the police videotape of the interior of the residence prior to the search. Ms. Hardie, Goins' mother-in-law, testified on direct examination that, on the day of the search, she went by Goins' residence around 4:45 p.m.; while there she went into the bathroom but did not see anything laying on the floor. [Criminal Action No. 3:00-cr-123, Court File No. 49, Transcript of Proceeding, pp. 119-20]. On cross-examination, Ms. Hardie was shown and acknowledged the date and time of July 21, 2000, at 4:44 p.m., of the police videotape. [*Id*. at 124].

Goins finds it suspect that the videotape was used to cross-examine Ms. Hardie in the second trial, but not in the first trial, especially since Ms. Hardie's testimony was consistent in both trials. He suggests that the videotape was altered to add the time stamp to it. Goins argues that no one testified as to the exact time the videotape was made or that the timer on the tape was accurate. Goins also claims that each of police reports relating to the search indicate that the search began at 4:52 p.m., which would be consistent with Ms. Hardie's

testimony on re-direct that she saw the officers down the road when she left the house. There is nothing in the record, however, to support this allegation.

Goins has not presented any evidence whatsoever to support his theory that the videotape was altered. The fact that the government used the videotape during the second trial, and not the first, is not evidence that the videotape was altered between the first and second trial. Rather, the reasonable inference is that the government decided to use the videotape during the second trial after the first trial resulted in a mistrial. According, Goins is not entitled to a hearing on this issue. *See United States v. Brown*, 276 F.3d 211, 217 (6th Cir. 2002) (district court did not abuse its discretion in failing to inquire into allegations of prosecutorial misconduct when defendants did not offer "a shred of evidence beyond the bare allegations of misconduct").

## *C. Booker*

In a supplement to his § 2255 motion, Goins alleges his sentence should be vacated pursuant to the U.S. Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, however, the Court noted that its holding should be applied "to all cases on direct review." 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final, such as in Goins' case. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be

applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id.* The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005).

IV.  <u>Conclusion</u>

Goins is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** Goins leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure. Goins having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge
