UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

QUINCY A. GOINS,                    )
                                   )
            Petitioner,            )
                                   )        Nos. 3:04-CV-155, 3:00-CR-123
v.                                 )        *Judge Jordan*
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM OPINION AND ORDER

Petitioner Quincy A. Goins was indicted by a federal grand jury on one count of possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Petitioner's first trial ensued in a mistrial [Doc. 17, Case No. 3:00-CR-123].[1] At Petitioner's second trial, a jury convicted him of the controlled substance offense and the Court sentenced him to a mandatory life term.[2] Petitioner now brings two motions for the Court's consideration: (i) a motion for a refund of his appellate filing fee and (ii) a motion to set aside judgment under Rule 60(b) of the Federal Rules of Civil Procedure [Docs. 25-26]. For the following reasons, the Court will deny the first motion and dismiss the second for lack of jurisdiction.

## I.    RELEVANT PROCEDURAL BACKGROUND

On direct appeal, Petitioner's conviction and sentence were affirmed and the Supreme Court denied Petitioner's application for certiorari review. *United States v. Goins*, 53 F. App'x 724 (6th Cir. 2002), *cert. denied*, 538 U.S. 971 (2003). Thereafter, Petitioner, through counsel,

---

[1] Unless otherwise indicated, document references in this Opinion are to Case No. 3:04-CV-155.

[2] President Obama issued an Executive Grant of Clemency to Petitioner and commuted his life sentence to end on August 30, 2017 [Doc. 76, Case No. 3:00-CR-123].

filed a timely motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Doc. 1]. On July 2, 2007, the Court denied the § 2255 motion, denied issuance of a certificate of appealability, certified that any appeal from its decision would not be taken in good faith and would be frivolous, and denied Petitioner leave to proceed *in forma pauperis* on appeal [Doc. 18].

Acting pro se, Petitioner filed a notice of appeal [Doc. 19]. Upon receipt of the notice, the Sixth Circuit sent Petitioner a letter [Doc. 20]. The letter advised Petitioner that, if he had proceeded as a pauper while his case was in the district court, and if the district judge revoked that status by ruling that an appeal would not be taken in good faith, then Petitioner had 30 days to renew his motion for pauper status in the Sixth Circuit [Doc. 20 at 2]. Both conditions existed in Petitioner's case. Petitioner had proceeded as a pauper in his § 2255 motion, and this Court revoked his pauper status by finding that an appeal would not be taken in good faith [Doc. 8].

Petitioner did not heed the Sixth Circuit's advice. Petitioner did not apply to the Sixth Circuit for pauper status on appeal, but instead, he moved this Court for leave to proceed on appeal *in forma pauperis* [Doc. 21]. The Court denied his application [Doc. 22]. Petitioner's mother then submitted a $455.00 money order in satisfaction of her son's appellate filing fee [Oct. 23, 2007, Docket Entry and Remarks, Doc. 23 (Letter from Colleen Goins re: payment of appellate filing fee)]. Petitioner's appeal proceeded in due course and terminated upon the Sixth Circuit's denial of a certificate of appealability in its September 8, 2008 order [Doc. 24].

## II.     MOTION FOR REFUND

In the first pending motion, Petitioner asks the Court to refund the appellate filing fee in the § 2255 proceedings that was submitted by his mother [Doc. 25]. Petitioner maintains that the law is clear that the Prison Litigation Reform Act ("PLRA") does not apply to § 2255 proceedings, but that this Court nonetheless applied the PLRA to require him to pay the appellate filing fee for

his § 2255 appeal [Doc. 25 at 1]. The application of the PLRA to Petitioner's motion to vacate was legal error, so claims Petitioner.

"[T]he Judicial Conference has a longstanding policy prohibiting the refund of fees," yet an exception exists "when fees are collected without authority." *Rashada v. Gonzales*, No. 1:07-CV-1055, 2007 WL 1795873, at *1 (N.D. Ohio June 20, 2007) (quoting JCUS-MAR 05, p. 11). The Court understands that Petitioner is suggesting that this Court's alleged misapplication of the PLRA to collect appellate filing fees fits within that exception, i.e., collection of filing fees without the authority to do so. Petitioner has stated the law correctly—the PLRA's filing fee requirements do not apply to motions to vacate. *Kincade v. Sparkman*, 117 F.3d 949, 950 (6th Cir. 1997) (finding that the filing fee provisions of the PLRA, as set forth in 28 U.S.C. §§ 1915(a)-(b), are inapplicable to judgments denying § 2255 motions). Petitioner is not so circumspect with regard to the facts he has alleged in support of his motion for a refund.

The Court has no cause to venture into the "refund" arena because it neither mentioned nor applied the PLRA in its disposition of Petitioner's pauper status request [Doc. 22]. As demonstrated by the above-detailed description of the relevant procedural history in this case, the Court did not assess Petitioner the appellate filing fee and did not require him to pay the appellate filing fee. Neither did the Court apply the PLRA's filing fee requirements or collection procedures to Petitioner. Indeed, after the Court denied Petitioner's motion for leave to proceed *in forma pauperis* on appeal, he had another, more appropriate judicial avenue open to him (as described in the letter sent to him by the Sixth Circuit) through which he could have obtained pauper status— applying for such status in the circuit court. Petitioner chose instead to submit the filing fee to this Court (through the auspices of his mother), rather than to pursue pauper status in the Sixth Circuit, as he was instructed to do by the appellate court.

Accordingly, because the entire premise of Petitioner's motion for a refund of the filing fee rests on the Court's purported error in applying the PLRA to Petitioner's request to proceed *in forma pauperis* on appeal and because the Court did not commit an error in deciding his request, his motion for a refund [Doc. 25] is factually frivolous and will be denied.

### III.     RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT

In Petitioner's second motion, filed March 18, 2013, he seeks relief from the judgment denying his motion to vacate, under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 26]. In the Rule 60(b) motion, Petitioner asserts two claims not raised in his original § 2255 motion. First, Petitioner maintains that the ruling in *Martinez v Ryan*, 566 U.S. 1 (2012),[3] stands for the proposition that he was entitled to effective assistance of counsel in his § 2255 motion and the fact that his counseled § 2255 motion was dismissed without a determination, in and of itself, shows that he did not receive effective assistance in those proceedings.[4]

Second, Petitioner maintains that the decision in *Lafler v. Cooper*, 566 U.S. 156 (2012),[5] applies to his case and now allows him to claim that, had counsel properly advised him as to the

---

[3] *Martinez* holds that where state law requires ineffective-assistance claims to be raised during initial collateral review, post-conviction counsel's ineffective assistance excuses a procedural default of a substantial claim that trial counsel gave ineffective assistance. *Martinez*, 566 U.S. at 17. However, *Martinez* does not apply in § 2255 motions. *Kapenekas v. Snyder-Norris*, No. 16-6310, 2017 WL 3725355 at *3 (6th Cir. Apr. 10, 2017). And Petitioner had no right to counsel to prosecute his § 2255 motion. *Brown v. United States,* 20 F. App'x. 373, 375 (6th Cir. 2001). Where there is no right to counsel, there can be no deprivation of ineffective assistance. *Wainwright v. Torna*, 455 U.S. 586 (1982).

[4] Petitioner's allegation that his § 2255 motion was dismissed without a determination is controverted by the record. The Court entertained and rejected on the merits Petitioner's claims of ineffective assistance and prosecutorial misconduct [Docs. 17-18].

[5] *Lafler* holds that the Sixth Amendment right to counsel is violated where, based on counsel's incorrect advice, a plea offer is rejected and the loss of the plea leads to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence. *Lafler*, 566 U.S. at 168. *Lafler* did not create a "new rule of constitutional law" that the Supreme Court has made retroactive to cases on collateral review. *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (listing cases).

true risks and consequences of a trial, Petitioner would have accepted the government's plea deal of a 20-year sentence and would not have gone to trial, where he faced (and received) a mandatory life sentence [Doc. 26 at 9]. Petitioner asks the Court to vacate its order dismissing his § 2255 motion, restore the § 2255 motion to its active docket, and grant him a hearing on his *Lafler* claim [Doc. 26 at 7, 9]. The Court lacks jurisdiction over this motion for two reasons.

**A.      Mootness**

On August 31, 2016, after Petitioner had served more than fifteen years in prison, pursuant to his March 14, 2001 judgment of conviction, he received clemency [Doc. 76, Case. No. 3:00-CR-123]. Petitioner's life sentence was commuted to a term set to expire on August 30, 2017, after his service of one year in pre-release custody [Doc. 76, Case No. 3:00-CR-123]. The Executive Grant of Clemency left "intact and in effect . . . all other components of the sentence" [Doc. 76 at 2, Case No. 3:00-CR-123]. Petitioner's judgment imposed a mandatory statutory term of life imprisonment, but it did not include a term of supervised release [Doc. 43, Case No. 3:00-CR-123].

The Court contemplated a modification to the judgment to impose the statutorily-mandated 10-year term of supervised release that could have been imposed in the judgment, but with the benefit of the parties' briefing on the issue, decided against that course of action [Docs. 77, 82-84 in Case No. 3:00-CR-123]. According to the Federal Bureau of Prisons website, Quincy Allen Goins, B.O.P. Register No. 17583-074, was released, apparently, unconditionally on August 30, 2017. Available at https://www.bop.gov/inmateloc/ (last visited July 7, 2019).

**1.      Governing Law**

A federal district court's subject matter jurisdiction is limited by Article III of the United States Constitution to actual "Cases" or "Controversies." U. S. CONST. Art. III, Sec. 2. "This

case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–478 (1990)). If something happens while a habeas corpus petition is pending which causes a court to be unable to afford the relief a petitioner seeks, such as the expiration of a sentence, the case becomes moot and a federal habeas court lacks jurisdiction to entertain it. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (instructing that where "an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed") (internal quotation marks omitted).

Once the term of imprisonment has expired, "some concrete and continuing injury other than the now-ended incarceration . . .—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer,* 523 U.S. at 7. The petitioner bears the burden of showing those circumstances. *United States v. Juvenile Male*, 564 U.S. 932, 936, (2011). "[I]t is not enough that a dispute was alive when [a petitioner's § 2255 motion] was filed in the district court," but to sustain jurisdiction, a petitioner must show that he continues "to have an actual injury that is capable of being redressed by a favorable judicial decision." *Demis*, 558 F. 3d at 508 (quoting *Brock v. United States Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007)).

"[A] person is not entitled to litigate in a federal court unless he can show a reasonable probability of obtaining a tangible benefit from winning;" . . . [c]ertainty is not required but a remote possibility won't do." *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998) (citations omitted). But, where a party possesses "a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 171-72 (2013) (citations omitted).

Yet, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). A federal court must resolve a question of mootness before it assumes jurisdiction. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). Mootness deprives a court of its "power to act; there is nothing for [it] to remedy, even if [it was] disposed to do so." *Spencer*, 523 U.S. at 14.

### 2.     Analysis

The above summary of law and facts raises the question of what relief the Court could grant in this case if it were to conclude that the relief Petitioner has requested in his Rule 60(b) motion was warranted. Based on the Court's research, the answer is that the Court could not grant any relief in this matter.

For example, in *Dennis v. Terris*, No. 18-2081, 2019 WL 2559504 (6th Cir. June 21, 2019), the Sixth Circuit entertained a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 by a federal prisoner who, like Petitioner, received a sentence commutation. Dennis had committed a string of drug offenses, leading to a mandatory life sentence in 1997. In 2017, President Obama commuted his sentence to 30 years. Dennis argued in his § 2241 petition that he should have faced only a 20-year mandatory sentence because one of his state court narcotics convictions did not count as a felony drug conviction for sentencing enhancement purposes. The district court held that it had no jurisdiction to consider a collateral attack on a commuted sentence and that Dennis was no longer serving his original life sentence. The district court dismissed the petition as moot.

Dennis appealed the dismissal of his petition. The Sixth Circuit held that the commutation of the life sentence to thirty years did not alter the reality that Dennis continued to serve a sentence,

that he could obtain a sentence of fewer than 30 years if successful in his habeas endeavor, and that, therefore, his habeas corpus petition was not moot. "Dennis may challenge his original sentence because, if he wins, the district court might sentence him to a term less than his current 30-year commuted sentence." *Dennis*, 2019 WL 2559504, at *3. The Sixth Circuit thus concluded that "[t]he possibility that his sentence might be reduced suffices to give Dennis a concrete interest in this dispute, making it non-moot." *Dennis*, 2019 WL 2559504, at *3.

*Dennis* is distinguishable on its facts. Dennis continued to serve a judicial life sentence and success in his habeas petition might have led to a shortening of his 30-year commuted sentence. *Dennis*, 2019 WL 2559504, at *4. Here, unlike in *Dennis*, Petitioner is not serving a judicial life sentence, his commuted sentence expired on August 30, 2017, and he was released from confinement without the imposition of a term of supervised release or any other conditions attached to his release. Petitioner has not identified any ongoing collateral consequences traceable to his sentence and "likely to be redressed by a favorable judicial decision." *See Juvenile Male*, 564 U.S. at 936 (quoting *Spencer*, 523 U.S. at 7, 14). It would be impossible to secure a shorter sentence for a judicial life sentence that Petitioner is not serving or for a commuted sentence that has been fully served and is now expired.

On these facts, the Court cannot conceive of any type of relief it could grant to Petitioner. Because the commutation of Petitioner's sentence and his unconditional release from that sentence "makes it impossible for the court to grant [him] 'any effectual relief whatever,'" *Church of Scientology of Cal.,* 506 U.S. at 12, this Court concludes that the Rule 60(b) motion, as labeled by Petitioner, is moot and that the Court lacks jurisdiction over the motion. *See, e.g., Wall v. United States,* No. 3:12-CV-754, 2019 WL 2608739, at *2 (W.D.N.C. June 25, 2019 (finding no case or controversy where a petitioner's prison sentence has been commuted, he was released from BOP

custody, and he asserted no collateral consequences to warrant § 2255 relief); *United States v. Probber*, 170 F.3d 345, 347 (2d Cir. 1999) (finding that, during pendency of appeal, the expiration of a petitioner's term of imprisonment for a supervised-release violation, where no new period of supervision was imposed, rendered appeal moot and subject to dismissal for lack of jurisdiction); *cf. Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (holding that case or controversy exists where "district court might, because of our ruling, modify the length of [defendant's] supervised release which would constitute 'effectual relief").

Accordingly, the Court finds that it has no jurisdiction over Petitioner's Rule 60(b) motion challenging his judicial sentence or his now-expired commuted sentence.

**B.    Second or Successive Motion**

Rule 60(b) permits a district court to grant relief from a final judgment for several reasons, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct, a void judgment, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). It is proper to apply Rule 60(b) to § 2255 motions. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), and *In re Nailor*, 487 F.3d 1018, 1021(6th Cir. 2007)). A Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *see also United States v. Moon*, 527 F. App'x. 473, 475 (6th Cir. 2013) (explaining that a Rule 60(b) motion is proper in a motion to vacate where it is attacking "some defect in the § 2255 proceedings" (quoting *Gonzalez*, 545 U.S. at 532)).

Here, Petitioner has not alleged any of the specific reasons that would justify relief under Rule 60(b)(1)-(5). To the extent that Petitioner's motion is based on Rule (60)(b)(6) (predicating

relief on "any other reason that justifies relief"), *Gonzalez* requires "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzales*, 545 U.S. at 535 (citations omitted); *see also Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (observing that "Rule 60(b)(6) permits relief only in 'unusual and extreme situations where principles of equity *mandate* relief'" (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (emphasis in original)). Petitioner has not made that showing nor even attempted to make that showing for purposes of his Rule 60(b)(6) motion.

Moreover, Petitioner identifies no defect in the integrity of his § 2555 proceedings, such as claims that the Court found time-barred or procedurally defaulted, but which were neither of those things. Instead, Petitioner presents two new claims as grounds to vacate his federal sentence that were not raised previously, insisting that these claims are based on two Supreme Court decisions issued after the Court denied his § 2255 motion and that the claims, thus, were unavailable to him at the time of his § 2255 motion.

If a Rule 60(b) motion or "the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's [federal] conviction, allowing the motion to proceed" under Rule 60(b) would be inconsistent with the § 2255 statutes and rules. *Gonzalez,* 545 U.S. at 533. One such rule, as explained by the Sixth Circuit, is that "[a] Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Naylor*, 487 F.3d at 1022 (internal citations omitted) (citing *Gonzalez*, 545 U.S. at 532).

This is what is happening in Petitioner's Rule 60(b) motion. Because Petitioner is attempting to add two new grounds for relief to justify setting aside his sentence and because, as discussed, he filed a prior motion to vacate, which the Court considered and denied, this Rule 60(b)

motion is deemed to be a second or successive § 2255 motion to vacate. Petitioner, however, cannot file a second or successive § 2255 motion in this Court without authorization from the court of appeals. Because the Court has not received such authorization, it lacks jurisdiction to consider this second or successive motion and will dismiss the motion for lack of jurisdiction. *United States v. McDonald*, 326 F. App'x 880, 885 (6th Cir. 2009) (affirming district court's dismissal of motion because lower court did not have jurisdiction to entertain a second or successive motion without circuit court's authorization).[6]

### IV.    CONCLUSION

Based on the foregoing law and analysis, Petitioner's motion for a refund [Doc. 25] is **DENIED** as frivolous and his Rule 60(b) motion (or second or successive § 2255 motion, as construed) [Doc. 26] is **DENIED** for lack of jurisdiction. Should Petitioner file a notice of appeal from this decision, he is **DENIED** a certificate of appealablity ("COA") because reasonable jurists could not disagree with the Court's denial of the Rule 60(b) motion and could not conclude that issues offered in the motion are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003): *see also United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (COA required for appeal of Rule 60(b) motion in § 2255 proceedings) (listing cases); Fed. R. App. P. 22(b). Finally, the Court **CERTIFIES** that any appeal from this action would not

---

[6] Ordinarily, the Court would transfer this second or successive § 2255 motion (as construed) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45 (6th Cir. 1997). However, because "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction" *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), and because the Court has found that it lacks jurisdiction given its determination that it could not afford Petitioner any effectual relief, the Court will not order the motion transferred. The Court instead will dismiss the motion for lack of jurisdiction because "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Citizens for a Better Env't*, 523 U.S. at 94.

be taken in good faith, Fed. R. App. P. 24(a), and thus **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge